## No. 11,667.

### WILLIAM P. NICHOLLS VS. MRS. MARIE A. BIENVENUE ET ALS.

In a suit to dissolve the sale for non-payment of the price, brought by the transferee of the right of action, the defendant can not dispute plaintiff's right on the ground that the board of directors of the bank, the unpaid vendor, did not authorize its president to make the transfer to plaintiff; no complaint of that character coming from the bank receiving the plaintiff's money, the consideration for the transfer, and thus affirming it.

The statement of facts by the judge granting the appeal reciting that a witness testified the tender was made as set forth in the petition, the petition containing the requisite allegation, is deemed sufficient.

In an action to dissolve the sale for non-payment of the price, it is no part of the plaintiff's duty to provoke a family meeting to advise whether or not, in the interest of the minors defendant, the tender by plaintiff of the price should be accepted; hence the judgment of plaintiff dissolving the sale will not be disturbed if such meeting was not called, even if such meeting was necessary.

In confirming a default in such case no jury is necessary, Art. 313 of the Code of Practice not applying to such confirmation.

When a statement of facts for an appeal is not applied for seasonably, in this case almost a year after the rendition of the judgment, when the memory of the judge naturally, as he states, has become indistinct, the court, if it does not dismiss the appeal because of deficiencies in the statement due to the delayed application, will, at least, construe the statement liberally, so as, if possible, to sustain the judgment. C. P., Arts. 602, 603; 31 An. 856; 10 An. 180; 7 Rob. 179.

APPEAL from the Twentieth District Court, Parish of Assumption. *Guion, J.*

*Paul Lêche* and *Beattie & Beattie* for Plaintiff, Appellee.

*R. N. Sims* for Defendants, Appellants.

The opinion of the court was delivered by

MILLER, J.   The defendant appeals from the judgment of the lower court dissolving, for non-payment of part of the price, the sale of a plantation, and for revenues of the property, less the cash payment, taxes, etc., as expressed in the judgment. The judgment was by default rendered on the 2d October, 1893. The appeal was taken in September, 1894.

The assignment of errors in this court is, that there was no authority conferred by the directors of the Citizens Bank on its president to transfer to plaintiff the right to sue for the dissolution of the sale of the plantation involved in this controversy; second, there was no allegation or proof of tender by plaintiff of the notes representing the unpaid price of the cash payment on account of the price paid by the purchaser; third, that if any tender, there was no authority on the part of the tutor of the minors to refuse it without the advice of a family meeting and the authority of the court; fourth, that the action being one of rescission of a contract, the default should have been confirmed on proof administered, and before a jury in pursuance of their verdict.

It appears from the record that the Citizens Bank sold the plantation in 1883 to F. A. Bienvenue, the cash payment being four thousand five hundred dollars, and notes given for the residue of the price aggregating ten thousand five hundred dollars, payable in one, two, three, four and five years. In 1893 the notes, save some interest, being wholly unpaid, the president of the bank transferred the notes to plaintiff, specially subrogating him to the bank's right to sue for dissolution of the sale. The first assignment denies the right of the president to make this transfer and give this subrogation, no authority of the board of directors being shown.

The president of the bank presumed to be competent for acts of administration, the collection of the notes of the bank, whether by him or any other officer, is to be deemed authorized. In this case the subrogation to the action of the bank for the dissolution of the sale was an incident to the transfer of the notes given for the price of the plantation, and the transfer of the right of action to dissolve was to realize on the notes. It is enough on this branch of the case that under the transfer and subrogation the bank received fourteen thousand dollars on the notes. The bank could not question the subrogation under which it received the plaintiff's money, and the widow and heirs of the maker of the notes can not deny that which the bank itself could not dispute.

The second assignment is, that no tender was alleged or proved. The suit was on the notes representing the whole of the unpaid price, and the petition alleged the tender of the price paid. The statement of facts is, that the judge remembers a witness testified to the tender, and that another witness testified to the value of improvements. We think this statement sufficient as to the tender.

The third assignment is, that a family meeting was essential to authorize the tutor of the minor heir, one of defendants, to accept or refuse the tender. All that is required of the plaintiff seeking to dissolve the sale made by him is to make the tender to the proper parties. It is no part of his business to call a family meeting in the interest, real or supposed, of the minor heir of the purchaser, nor can his tender or right to dissolve be in the least affected if such meeting is not called.

In reference to the fourth assignment, it is enough to say that in our view there was no necessity to call a jury on the issue as to the dissolution of the sale. C. P., Art. 313.

State ex rel. Legendre vs. Clerk.

If there was any deficiency in the statement of facts it may well be doubted whether the plaintiff should for that reason be deprived of his judgment by the remanding of the cause. The law gives to the party the right of appeal on a statement of facts, when the testimony has not been taken down. We think this implies a seasonable application when it is in the power of the judge to give that statement. The application should be, primarily, made to the opposite counsel. In this case the judge of the lower court is applied to for the statement, nearly a year after the judgment was rendered. Naturally, the testimony of the witnesses is not remembered with particularity, as he states. We hold the statement sufficient to meet the assignments in this case, but if the statement was deficient we would not feel authorized to disturb a judgment because the appellant had not seen fit to ask for a statement of facts until the memory of the judge had become indistinct. See Code of Practice, Arts. 602, 603; Henri vs. Francincues, 31 An. 856; Lucas vs. Bell, 10 An. 180; Landry vs. College, 7 Rob. 179.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.

Rehearing refused.

The Chief Justice recuses himself in this case.